# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | | |
|---|---|---|
| Appeal of -- | ) | |
| | ) | |
| Environmental Safety Consultants, Inc. | ) | ASBCA No. 58343 |
| | ) | |
| Under Contract No. N62470-95-B-2399 | ) | |

APPEARANCE FOR THE APPELLANT:     Mr. Peter C. Nwogu
President

APPEARANCES FOR THE GOVERNMENT:     Ronald J. Borro, Esq.
Navy Chief Trial Attorney
Ellen M. Evans, Esq.
Senior Trial Attorney

## OPINION BY ADMINISTRATIVE JUDGE FREEMAN ON APPELLANT'S MOTION FOR RECONSIDERATION

In our decision dated 25 July 2014, we granted in part the government's motion to dismiss the appeal for lack of jurisdiction. We granted the motion to the extent of the contractor's claimed amount of $897,082 in costs incurred that exceeded the contract price at termination. As to those claimed costs we found that they had not been timely submitted as claims for price adjustment to the contracting officer under the Contract Disputes Act of 1978 (CDA), 41 U.S.C. §§ 7101-7109, and accordingly, were outside our jurisdiction. *See Environmental Safety Consultants, Inc.*, ASBCA No. 58343, 14-1 BCA ¶ 35,681. Familiarity with that decision is assumed.

Environmental Safety Consultants, Inc. (ESCI) moves for reconsideration on various grounds. First it contends that its 22 October 2003 CDA claims for: (i) additional work in the amount of $457,000 and (ii) breach damages in the amount of $1,000,000 were "within the statutory period statute of limitation from June 12, 1998 when the Navy wrongfully terminated the Contract" (mot. at 9). We disagree. The 22 October 2003 claims were found by this Board and the Court of Federal Claims to have accrued prior to 22 October 1997 and were accordingly outside the six-year CDA statute of limitations. *See Environmental Safety Consultants, Inc.*, ASBCA No. 54615, 07-1 BCA ¶ 33,483, and *Environmental Safety Consultants, Inc. v. United States*, 97 Fed. Cl. 190 (2011).

ESCI contends that its timely appeal of the default termination tolled the statute of limitations as to its monetary claims until the default termination appeal was decided (mot. at 10). We do not agree. To preserve its rights to assert price adjustment and other monetary claims, all ESCI had to do was to timely submit them

for decision by the contracting officer as specified in the CDA. Such submission was in no way hindered or precluded by the appeal of the default termination. Nor was entitlement to the price adjustment and other monetary claims contingent on a successful appeal of the default termination.

With respect to our conclusion that the final contract price at termination was the amount set in bilateral Modification No. P00006 ($561,873.25), ESCI contends that "the parties signed the bilateral Contract Modification P00006 with the condition precedent that the Government will be making payment for Invoice No. 7" (mot. at 19). There is no reference in Modification No. P00006 to Invoice No. 7 as an attachment or otherwise representing that the modification was contingent on payment of the invoice (ASBCA No. 51722, R4, tab 2 at 11-12).

ESCI contends that the Board erred by failing to acknowledge "the clear special relationship between the government and small business concerns warranting equitable tolling" (mot. at 6). ESCI states that as a small disadvantaged African-American business it is entitled to the same standard for equitable tolling of the CDA statute of limitations as was applied to the native association in *Arctic Slope Native Ass'n v. Sebelius*, 699 F.3d 1289 (Fed. Cir. 2012). In *Arctic Slope*, the Court held that extraordinary circumstances and the "special relationship" [1] of the government with Indian communities justified equitable tolling of the CDA statute of limitations for the native association's claims against the government. The extraordinary circumstances involved class actions in which Arctic Slope Native Association "reasonably relied upon controlling authority, which held that it did not need to exhaust administrative remedies to be a class member." *Id.* at 1298. There are no such extraordinary circumstances in ESCI's case. There was no "controlling authority" leading ESCI to believe that a small disadvantaged contractor did not need to file a CDA claim within the statutory time limit to recover its alleged increased costs and damages caused by the government. Indeed, ESCI's filing of its 22 October 2003 CDA price adjustment claims shows that it was well aware of the requirement. We also find nothing in *Arctic Slope* implying that any special relationship of the government with small disadvantaged businesses would alone, without extraordinary circumstances, be a sufficient basis for tolling the CDA statute of limitations.

In its 11 September 2014 amendment to its Motion for Reconsideration ESCI argues that when Alternate I (Apr 1984) of the FAR 52.249-2 Termination clause is specified, the paragraph (e) provision limiting the amount of the termination settlement "whether under this paragraph (e) or paragraph (f) below" does not apply (amended

---

[1] The "special relationship" with Indian communities was defined by the Court as a relationship where the government's conduct must meet "the most exacting fiiduciary standards." 699 F.3d at 1298 (citing *Seminole Nation v. United States*, 316 U.S. 286, 297 (1942)).

mot. at 3-4). Paragraph (f) in the basic clause applies to supply and service contracts. Paragraph (f) in the Alternate I clause applies to construction contracts. Paragraph (e) is the same in both the basic clause and the Alternate I clause. There is nothing in the common paragraph (e) and nothing in the Alternate I, paragraph (f) stating or implying that the paragraph (e) limitation does not apply to the Alternate I, paragraph (f).

On reconsideration we find ESCI's arguments without merit and affirm our decision of 25 July 2014.

Dated: 7 November 2014

MONROE E. FREEMAN, JR.
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

JACK DELMAN
Administrative Judge
Acting Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 58343, Appeal of Environmental Safety Consultants, Inc., rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

3